IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TONY JACKSON, #M07462, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   CASE NO. 12-cv-720-GPM |
| | ) |
| DR. FAHIM, | ) |
| JANETTE KINKADE, and | ) |
| SARAH JOHNSON, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

    Plaintiff Jackson, an inmate in Stateville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff is serving a twenty-eight year sentence for felony sexual assault. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief
>     may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from
>     such relief.

28 U.S.C. § 1915A.

    An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

These facts are taken from Plaintiff's complaint. In 2010, Plaintiff noticed blood in his stool. Defendant Dr. Fahim advised him that he had hemorrhoids and prescribed him medication. For six to seven months, Plaintiff remained on this medication and underwent physical examinations by Defendant Fahim. Finally, Plaintiff visited a hospital without the prison. There Plaintiff learned that he had not had hemorrhoids, but that the blood was due to bleeding in his lower stomach as a result of the soy diet. Plaintiff states that after he returned to Stateville, Defendant Fahim refused to fill the prescription written by the hospital physician. Three or four months later, Dr. Kohring finally filled the prescription for Plaintiff.

2

Plaintiff also alleges that on October 4, 2011, Defendant Nursing Supervisor Janette Kinkade responded to Plaintiff's request for a non-soy diet. She refused his request, stating that "we are not able to provide specialized diets to our offenders" (Doc. 1, p. 6). On October 19, 2011, Defendant Kinkade again addressed Plaintiff's request by stating "if a diet change is required due to health issues than you will have to obtain a doctor's order for such diet" (Doc. 1, p. 6). Plaintiff notes that Defendant Kinkade did not attempt to acquire the order from the physician. Defendant Kinkade responded to another request by stating that she would not provide the diet and that "I would recommend that you avoid foods that will irritate your stomach" (Doc. 1, p. 6).

Plaintiff also alleges that Defendant Sarah Johnson, chairperson of the Administrative Review Board, refused to address his grievances. Plaintiff filed a grievance pertaining to the soy diet on June 7, 2011. He received a denial on June 14, 2011, and appealed on June 16, 2011.

Plaintiff requests as relief an injunction preventing the serving of soy and processed foods, compensatory and punitive damages, costs, a jury trial, and any other relief deemed appropriate by the court.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Deliberate Indifference**

In certain instances, a constitutional claim may lie if a prison official's actions amount to a failure to treat a serious medical condition.

3

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago Cnty.*, 165 F.3d 587, 590 (7th Cir. 1999).  Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate;  it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm . . .  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence . . . and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition could "result in further significant injury or the unnecessary and wanton infliction of pain;" (2) "[e]xistence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment;" (3) "presence of a medical condition that significantly affects an individual's daily activities;" or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id*.

Plaintiff describes a serious medical condition, according to the *Gutierrez* factors. Bleeding in a patient's lower stomach can be indicative of a serious medical issue requiring treatment to prevent further complications.  A reasonable physician or patient would likely find

4

such a condition to necessitate treatment in order to prevent the development of a more serious medical issue. Plaintiff has pleaded facts to show the objective prong of a claim for deliberate indifference.

To show deliberate indifference, a prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and must actually "draw the inference." *Farmer,* 511 U.S. at 837. A defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff alleges that after he returned to Stateville, Defendant Fahim refused to allow Plaintiff the medication prescribed by the hospital physician. Based on these facts, it cannot at this time be determined whether Defendant Fahim was aware of Plaintiff's serious medical condition. Because the facts are unclear as to whether Defendant Fahim acted with deliberate indifference in refusing Plaintiff's medication, this claim cannot be dismissed at this time.

Plaintiff also states that Defendant Kinkade refused his request for a soy diet, stating that "we are not able to provide specialized diets to our offenders" (Doc. 1, p. 6). On October 19, 2011, Defendant Kinkade again addressed Plaintiff's request by stating "If a diet change is required due to health issues than you will have to obtain a doctor's order for such diet" (Doc. 1, p. 6). Plaintiff notes that Defendant Kinkade did not attempt to acquire the order from the physician. Plaintiff fails to plead facts showing that Defendant Kinkade acted with deliberate indifference to his medical needs. Plaintiff has not shown that it was Defendant Kinkade's responsibility to obtain the doctor's order. Additionally, Defendant Kinkade made Plaintiff aware of the necessary step he must take to acquire a soy-free diet and advised him to obtain a doctor's order. Plaintiff fails to plead facts showing the subjective prong of a claim for

5

deliberate indifference. Plaintiff's claim against Defendant Kinkade must be dismissed at this time.

**Count 2 – Failure to Address Grievances**

Plaintiff seeks to bring a claim against Defendant Johnson, chairperson of the Administrative Review Board, for denial of his grievance in June 2011. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). The failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Because Plaintiff's complaints regarding the handling of his grievances do not rise to the level of a constitutional violation, he has failed to state a due process claim. Therefore, this claim shall be dismissed with prejudice.

**Pending Motions**

Plaintiff has filed a motion for injunctive relief (Doc. 2) consisting of two counts.

Count I requests relief for plaintiff from Defendant Fahim's ongoing treatment of Plaintiff. Dr. Fahim practices at Menard. Plaintiff has been transferred to and currently is serving his sentence at Stateville and thus is no longer under the care of Dr. Fahim. Therefore, Plaintiff's request to enjoin Dr. Fahim from treating him is denied as **MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Count II only of Plaintiff's motion for injunctive relief, requesting that personnel at Stateville discontinue serving him soy and processed food, is hereby **REFERRED** to United States Magistrate Judge Donald Wilkerson. However, an evidentiary hearing regarding the injunctive relief will proceed before Judge G. Patrick Murphy at a later date. Any motions filed after the date of this Order that relate

to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Wilkerson.

**Disposition**

IT IS HEREBY ORDERED that **COUNT TWO** fails to state a claim upon which relief may be granted, and thus is **DISMISSED with prejudice**.

**COUNT ONE** shall receive further consideration.

The Clerk of Court **SHALL PREPARE** for Defendant **FAHIM**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendants' last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original

7

paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Wilkerson** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Finally, Marshall is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and any opposing party informed of any change in his address; the Court will not

8

independently investigate Marshall's whereabouts. This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of Court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

    **IT IS SO ORDERED.**

    DATED: August 15, 2012

/s/ G. PATRICK MURPHY
G. PATRICK MURPHY
United States District Judge